OPINION OF THE COURT
Jones, J.
 Defendant was denied his constitutional right to due process when the prosecution failed to disclose Grand Jury testimony to the suppression court for it to determine whether defendant was entitled to have access to that testimony at the suppression hearing. This constitutional deprivation requires that the denial of defendant’s suppression motion be vacated. Independently, defendant’s conviction for the crime of unlawful imprisonment would have to be vacated inasmuch as that crime merged into his conviction of attempted rape in the first degree.
Defendant moved to suppress a serrated knife, dungarees and yellow T-shirt which had been seized in a warrant-less search of his hotel room at times when he was neither present nor aware of the effectuation of the search. At the suppression hearing which followed, only one witness, Parole Officer Hotaling, testified. His account was substantially as follows: that he was having lunch at the Cobblestone Inn, Liverpool, New York, when informed by another parole officer that defendant was registered there under a false name; that he knew there was a warrant out for defendant’s arrest for parole violation; that the parole officers obtained a pass key from the manager of the inn and entered defendant’s room under the authority of a standard search consent form signed by defendant as a condition of parole; that they discovered certain identifying papers and he took into his possession a serrated-edged steak knife; that he then verified that a warrant was indeed outstanding for defendant’s parole violation and set up a stakeout of the hotel; that shortly thereafter defendant was apprehended as he entered the hotel; that a scuffle ensued, defendant developed convulsions and was removed to a local hospital by ambulance; that Officer *515 Wheeler of the Liverpool Police Department arrived at the hotel in response to the ambulance call; that Hotaling and other parole officers (but not Wheeler) re-entered defendant’s room for the purpose of collecting his belongings; that Wheeler described certain clothing worn by a suspect in an attempted knifepoint rape case he was then investigating; and that a pair of pants, a yellow T-shirt and the serrated-edged knife were turned over to Wheeler.
Based on that testimony the suppression court determined that the search of defendant’s room was a valid search pursuant to the conditions of parole. Never disclosed to the suppression court or made available to defendant prior to or at the hearing, however, was the Grand Jury testimony of Officer Wheeler. It is defendant’s contention that the prosecution’s failure to disclose both the existence and substance of that testimony deprived defendant of due process of law. In the circumstances of this case, we agree.
The substance of Officer Wheeler’s Grand Jury testimony is that it was only after receipt of the ambulance call (following the completion of the first search of defendant’s room by the parole officers before defendant had appeared at the Cobblestone Inn) that Wheeler arrived on the scene, that it was Wheeler, not the parole officers, who entered and searched defendant’s room for the second time, that he did so because he suspected that defendant had perpetrated the rape that he was investigating, and that it was Wheeler who then took the knife with the serrated edge from a handbag lying open in the room. Noticeable, also, by its absence from Wheeler’s Grand Jury testimony is any mention of the presence of Parole Officer Hotaling; nor is there any indication in such testimony that either of the parole officers whom Wheeler did identify as present had any part in the search. It might well be that on further interrogation and clarification the versions of Wheeler and Hotaling would be reconciled; however, because Wheeler’s testimony on its face is inconsistent with that adduced by the prosecution at the suppression hearing, its nondisclosure was fundamentally unfair to defendant. In opposition to the motion to suppress, the prosecution presented a testimonial picture of a properly conducted parolee consent *516 search in which Officer Wheeler took no part. Officer Wheeler’s own testimony, however — that it was he who conducted the second search and who seized the serrated knife — standing as it does unexplained and unclarified, could not without some speculation be harmonized with that portrayal. Quite different legal principles would have been controlling had the suppression court determined that the search and seizure had been conducted by a police officer. For this reason disclosure of Wheeler’s testimony of the events was required.
This is not to suggest that prosecutors must disclose to the court each and every statement or bit of evidence or the results of every avenue of investigation. Indeed, there are , many situations where the prosecution can fairly keep to itself what it alone possesses. But where, as here, there is in the possession of the prosecution evidence of a material nature which if disclosed could affect the ultimate decision on a suppression motion, and that evidence is not disclosed, such nondisclosure denies the defendant due process of law. The failure of the District Attorney in this instance to disclose to the suppression court* the Grand Jury testimony of Officer Wheeler (which on its face can only be classified as “favorable” to defendant) to allow the suppression court to make an in camera inspection to determine whether the testimony should be made available to defendant prior to or at the suppression hearing, constitutes a denial of the due process required by the Federal Constitution under the principles of Brady v Maryland (373 US 83) and its progeny.
The crime of unlawful imprisonment in the second degree (Penal Law, § 135.05) in the circumstances of this case merged into the higher grade offense of attempted rape in the first degree (Penal Law, § 130.35, subd 1; § 110.00) with which defendant was charged and convicted. The merger doctrine is intended to preclude conviction for kidnapping and related offenses based on acts which are so much the part of another substantive crime *517 that the substantive crime could not have been committed without those acts and independent criminal responsibility may not be fairly attributed to them (People v Cassidy, 40 NY2d 763, 767). The doctrine is certainly applicable to this case, where any restriction of the victim’s movements was wholly incidental to the simultaneous commission of the crime of attempted rape.
Accordingly, the order of the Appellate Division should be modified, the denial of defendant’s motion to suppress the physical evidence vacated, and the case remitted for a new suppression hearing. If thereafter the motion is again denied, defendant’s conviction on the charge of unlawful imprisonment should be vacated but his convictions on the remaining charges should stand and an amended judgment should be entered reflecting this disposition, any appellate review of which will be limited to the suppression ruling. On the other hand, if the motion to suppress is granted, defendant’s convictions should be vacated and the case continued for further proceedings on all counts of the indictment, including that for unlawful imprisonment.
Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur.
Order modified and case remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.

 Wheeler’s testimony was later submitted to the court at the time of the subsequent pretrial identification hearing, but only after the motion to suppress the physicial evidence had been denied. The court then denied disclosure to defendant on the ground that Wheeler’s testimony contained no references to the pretrial identification procedures.