◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BROWN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.),

rendered February 21, 1984, convicting him of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree (two counts), unlawful imprisonment in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by vacating defendant's conviction of sexual abuse in the first degree as charged in the fifth count of the indictment and unlawful imprisonment in the first degree as charged in the seventh count of the indictment, and the sentences imposed thereon, and dismissing said counts of the indictment. As so modified, judgment affirmed.

The fifth count of the indictment charged defendant with subjecting the victim to sexual contact "by touching her vagina by means of forcible compulsion". However, contrary to the People's contention, the record is barren of any evidence indicating that defendant touched the victim's vagina other than during the course of the rape. Accordingly, defendant's conviction on that count of sexual abuse must be vacated, and that count of the indictment dismissed (see, People v Jamison, 62 AD2d 1042, affd 47 NY2d 882).

Finally, the People concede that defendant's conviction for unlawful imprisonment must be vacated, since the crime of unlawful imprisonment under the circumstances of this case merged into the higher grade offense of rape in the first degree with which defendant was charged and convicted (see, People v Geaslen, 54 NY2d 510). Mangano, J. P., Thompson, Bracken and Brown, JJ., concur.