■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERI WACHTEL, Appellant

The People concede that the defendant's conviction for kidnapping in the second degree must be reversed, the sentence imposed thereon vacated, and that count dismissed, as that crime merged into the crime of attempted murder in the second degree *(see, People v Geaslen,* 54 NY2d 510; *People v Cassidy,* 40 NY2d 763). The People also concede that the sentence imposed upon the conviction for criminal possession of a weapon in the second degree may not run consecutively to the other sentences imposed *(see,* Penal Law § 70.25 [2]; *People v Terry,* 104 AD2d 572). The remaining sentences should be made to run concurrently in the interest of justice.

The defendant was convicted of the foregoing crimes for her role in the abduction and shooting of her husband. Early in the morning of June 25, 1983, two armed men entered the

home of the defendant and her then husband, William Wachtel, demanding money and jewelry. Following a struggle during which a gun was discharged, Wachtel was forcibly taken from the house, handcuffed, blindfolded and locked in an automobile trunk. After driving for a while, the men stopped, opened the trunk and shot Wachtel twice in the face. The men then drove another short distance before again stopping and shooting him four additional times. Soon thereafter, Wachtel's assailants, apparently believing him dead, abandoned the car and left the scene in another automobile. Wachtel managed to attract help by kicking and screaming from within the trunk. When found and released, Wachtel asked that the police be sent to his home, because he feared for the defendant's safety.

The police first went to the home at approximately 3:30 A.M., and in response to questions about her welfare and Wachtel's whereabouts, the defendant indicated that she was fine and that her husband was at a disco. An hour later, the police returned to inform the defendant that her husband had been shot; the defendant agreed to accompany the officers to the hospital, but first wanted to walk her dog. According to the police, the interior of the house appeared neat and normal, although a hole in the bedroom ceiling had been recently patched, and the exterior showed no signs of forced entry.

Initially the defendant told the police that her husband had, indeed, been kidnapped, that the kidnappers had vacuumed before their departure, and that she had failed to seek assistance because of their threats.

Several days later, however, the defendant was implicated in the crime by one of the men arrested in connection with both the actual kidnapping of Wachtel, and an aborted attempt a day earlier. Placed under arrest, the defendant gave the police a lengthy inculpatory statement. In it she admitted that two months before the crime she confided to one Ortiz that she was "miserable"; he replied that he could "work something out". The defendant spoke to Ortiz regularly thereafter, and at one point gave him $3,500. On the day before the incident, one Reyes, also implicated in the crimes, called the defendant to tell her of the failed kidnapping attempt. The next day, the day in question, the defendant called Reyes, and told him that she would leave the door open that night. The defendant also told the police that she had repaired a hole in a bedroom ceiling that had been caused by a gunshot, and had decided to tell them about the kidnapping only when she learned that her husband was still alive.

On appeal, the defendant argues, *inter alia,* that her convic-

tion should be reversed and that branch of her motion which was to suppress certain physical evidence granted because she was denied her right to a hearing to determine if evidence obtained in the warrantless search of her home had been lawfully seized *(Mapp v Ohio,* 367 US 643, *reh denied* 368 US 871; CPL 710.60). We disagree. While it is true that the People did not adequately respond to the defendant's motion, it is clear on the record that, prior to trial, the defendant was offered an opportunity to have such a hearing, but rejected it. We find, therefore, that the defendant has waived her right to a *Mapp* hearing.

The defendant further argues that she was denied a fair trial by the admission into evidence of a diary and other notes, purportedly written by her, which were undated. Although the defendant is correct and the undated writings were inadmissible to establish her state of mind at or near the time of the crimes, the error was harmless in light of the overwhelming evidence of the defendant's guilt.

We have considered the defendant's other contentions and find that they are either unpreserved, or constitute harmless error. Brown, J. P., Weinstein, Lawrence and Kooper, JJ., concur.