THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELL LILLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered December 6, 1985, convicting him of burglary in the second degree, petit larceny and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to register an objection to the trial court's *Allen* charge and accordingly, his challenge to the propriety of that charge has not been preserved for appellate review *(see,* CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467). In any event, the defendant's challenge is without merit. Contrary to the defendant's position, the *Allen* charge was "essentially neutral" and did not coerce the jurors into reaching a

verdict *(People v Page,* 47 NY2d 968, 970, *cert denied* 444 US 936; *People v Pinder,* 106 AD2d 415).

Moreover, we find that the trial court acted properly in giving a missing witness charge in regard to the defendant's failure to call his relatives as witnesses to substantiate his alibi defense. The prosecution clearly demonstrated that the uncalled witnesses were available, were under the defendant's control and would provide relevant and noncumulative testimony *(see, People v Gonzalez,* 68 NY2d 424; *People v Rodriguez,* 38 NY2d 95; *People v Morales,* 126 AD2d 575). Additionally, the defendant's challenge to the content of the missing witness charge has not been preserved for appellate review since the defendant took no exception to the charge (CPL 470.05 [2]; *People v Thomas, supra).* In any event, to the extent that the charge failed to adequately explain the inference which the jurors could draw from the defendant's failure to call these witnesses *(see, People v Paylor,* 70 NY2d 146), any error was harmless in view of the fact that the defendant was acquitted of all charges arising from the burglary in regard to which he interposed the alibi defense.

We have reviewed the defendant's remaining contentions and find them to be unpreserved for appellate review and, in any event, without merit. Mollen, P. J., Lawrence, Weinstein and Balletta, JJ., concur.