■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MAJOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Nicolai, J.), rendered July 11, 1985, convicting him of rape in the first degree and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by

reversing the conviction of unlawful imprisonment in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The factual basis for the conviction for unlawful imprisonment in the second degree was the victim's testimony that the defendant accosted her at the front door of her residence, and, while holding her around the neck, pushed her upstairs to her bedroom where he forcibly detained and raped her. The victim was able to flee the house immediately after the rape. Under these circumstances, the merger doctrine is applicable and mandates dismissal of the unlawful imprisonment charge *(see, People v Geaslen,* 54 NY2d 510, 517). The merger doctrine is applicable "where any restriction of the victim's movements was wholly incidental to the simultaneous commission of [another substantive] crime" *(People v Geaslen, supra,* at 517; *see also, People v Bailey,* 133 AD2d 462, 463, *lv denied* 71 NY2d 892; *People v Brown,* 115 AD2d 550, 551, *lv denied* 67 NY2d 881; *People v Burgess,* 107 AD2d 703, 705). In this case, the imprisonment was limited, brief and incidental to the rape. Thus, the count of unlawful imprisonment merged with the rape count *(see, People v Russell,* 127 AD2d 805, *lv granted* 70 NY2d 717; *People v Wachtel,* 124 AD2d 613, *lv denied* 69 NY2d 835).

As to the defendant's claim of improper inferential bolstering, no objection was raised to this testimony. Therefore, the claim is not preserved for appellate review as a matter of law (CPL 470.05; *People v Ray,* 127 AD2d 859, *lv denied* 70 NY2d 654). Furthermore, under the circumstances of this case, which include clear and strong proof of the defendant's identity as the perpetrator, we decline to reach this claim in the interest of justice *(see, People v Simmons,* 121 AD2d 579, *lv denied* 69 NY2d 833). Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.