■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MURRAY, Appellant.—Judgments, Supreme Court, Bronx County (Steven Barrett, J.), entered April 29, 1987, which convicted defendant upon a jury's verdict of robbery in the second degree (Penal Law § 160.10 [2] [b]) and, upon his guilty plea, of three counts of robbery in the first degree (Penal Law § 160.15 [4]) and two counts of robbery in the first degree (Penal Law § 160.15 [3]), respectively, and sentenced defendant to a term of 2½ to 7½ years, consecutive to two concurrent terms of 5 to 15 years, unanimously affirmed.

Defendant's only legal claim is that police testimony that defendant was sought and eventually arrested after conversations with the victim inferentially bolstered the victim's identification of defendant. Defendant never objected or moved for a mistrial at the time this testimony was received, and failed to preserve the claim as a matter of law. (CPL 470.05 [2]; *People v Major,* 142 AD2d 603 [2d Dept 1988].) The bolstering claim, in any event, is meritless. Since there is no contested issue of identification, and defendant claims only that the victim misapprehended defendant's role, this is not bolstering *(cf., People v Trowbridge,* 305 NY 471).

Defendant's contention that his sentence was unduly harsh also is meritless. In addition to the jury convicting defendant of robbery in the second degree, defendant pleaded guilty to five counts of robbery in the first degree, covering two additional indictments, committed while he was on bail for the instant trial. Imposition of consecutive sentences was mandatory (Penal Law § 70.25 [2-b]) and defendant offers no circumstances in mitigation such as would persuade this court that the sentencing court abused its discretion in setting the term

of the sentence imposed. Concur—Murphy, P. J., Kupferman, Carro, Kassal and Wallach, JJ.