■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JARRIE RUSHINGS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooper-

man, J.), rendered June 13, 1988, convicting him of rape in the first degree, sodomy in the first degree, attempted sodomy in the first degree and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of unlawful imprisonment in the second degree, vacating the sentence imposed thereon and dismissing that count of the indictment; as so modified, the judgment is affirmed.

After receiving a report of a rape in progress, Police Officers Shanahan and Tossner responded to a Queens apartment where they found the defendant and the complainant dressed only in their undergarments. The complainant immediately indicated to Officer Shanahan that the defendant had raped her. Shortly thereafter, a female officer arrived on the scene and further discussed the incident with the complainant. At trial, Officer Shanahan was the only police witness to testify for the People.

The defendant contends that the court erred in refusing to give a missing witness charge in regard to Officer Tossner and the female officer. We disagree. There is no indication in this record that either of these officers would have provided material and noncumulative testimony (see, People v Gonzalez, 68 NY2d 424).

We also find no merit in the defendant's contention that his right to a jury trial was violated when the trial court employed an alternate to replace a juror who had become ill. Such a decision was proper under CPL 270.35, following adequate inquiry by the court (see, People v Page, 72 NY2d 69).

However, as conceded by the People, the defendant's conviction of unlawful imprisonment in the second degree should be vacated under the doctrine of merger. Under the circumstances, that crime was merged into the crime of rape in the first degree with which the defendant was charged and convicted (see, People v Geaslen, 54 NY2d 510).

We have reviewed the defendant's remaining contentions and conclude that they are without merit. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.