■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WHITE, Also Known as MICHAEL BREWER, Appellant. —Judgment unanimously affirmed. Memorandum: On this appeal from a conviction, following a jury trial, for rape in the first degree and burglary in the second degree, defendant contends that the trial court's supplemental charge to the jury was coercive and deprived him of a fair trial. This claim arises from the *Allen* charge *(see, Allen v United States,* 164 US 492) which was given to the jury after it had informed the court that it was deadlocked. No objection or exception was taken to this supplemental instruction and thus the issue has not been properly preserved for review (CPL 470.05 [2]; *People v Gruttola,* 43 NY2d 116, 123; *People v Lilley,* 141 AD2d 849). Furthermore, the supplemental charge, when read in its entirety, was not unduly coercive and does not warrant reversal in the interest of justice.

In our view, the court did not abuse its discretion in denying defendant's motion to set aside the verdict on the ground of newly discovered evidence. In an attempt to counter evidence received at trial that defendant had inflicted bruises and abrasions upon the victim, defendant offered evidence on the motion that the victim had been beaten by her boyfriend on prior occasions. In the absence of any showing that the boyfriend's conduct occurred in temporal proximity to defendant's alleged conduct, thus to provide an explanation for the freshness of the victim's injuries, the new evidence is not "of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 330.30 [3]). Moreover, the proffered testimony is in the nature of impeachment evidence and it is well established that where the alleged newly discovered evidence merely tends to impeach or discredit prior testimony, it is within the court's discretion to deny the motion to set aside the verdict *(People v Becker,* 215 NY 126, 159; *People v Walker,* 116 AD2d 948, 952, *lv denied* 67 NY2d 952; *People v Suarez,* 98 AD2d 678; *People v Williams,* 35 AD2d 1023, 1024).

Finally, there is no merit to defendant's assertion that the

jury verdict was affected by an improper outside influence. Thus, the trial court properly denied defendant's motion to set aside the verdict because of alleged misconduct by the jurors *(see, People v Washington,* 158 AD2d 980). (Appeal from judgment of Ontario County Court, Henry, Jr., J.—rape, first degree.) Present—Dillon, P. J., Callahan, Green, Pine and Balio, JJ.