■ The People of the State of New York, Respondent, v Carmen Figueroa, Appellant.—Judgment, Supreme Court, Bronx County (Arlene R. Silverman, J.), rendered June 27, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing her, as a second felony offender, to a term of from four and one-half to nine years imprisonment, unanimously affirmed.

In this "buy and bust" case, defendant has failed to preserve for review her claim that the arresting officer's testimony constituted *Trowbridge* error, pursuant to *People v Trowbridge* (305 NY 471). He had testified that defendant matched the description given to him by the undercover police officer who had made the heroin purchase, that defendant remained under arrest after a drive by and receipt of a radio transmission from the undercover officer and that, generally, suspects are released if not identified by the undercover during a confirmatory identification. Had these alleged errors been preserved for review, we would, in any event, find the bolstering claims meritless, since there is no contested issue of identification. *(People v Murray,* 154 AD2d 292.) Defendant testified that she was the person who had spoken with the undercover police officer but alleged that she answered no in response, to his request for drugs, rather than participating in the transaction. Given these circumstances and defendant's failure to present any issue of identification, the court's re-

fusal to give the jury an identification charge was not error. *(People v Reedy,* 126 AD2d 681.) Concur—Sullivan, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.