■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BLACK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered July 30, 1984, convicting him of attempted rape in the first degree, assault in the second degree, and unlawful imprisonment in the first degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of two to six years imprisonment.

Ordered that the judgment is modified, on the law, by

reversing the conviction for unlawful imprisonment in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence adduced at trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's conviction of the crime of unlawful imprisonment in the first degree, however, must be reversed and the sentence imposed thereon vacated pursuant to the merger doctrine. The merger doctrine is applicable when "any restriction of the victim's movements was wholly incidental to the simultaneous commission of [another substantive] crime" *(People v Geaslen,* 54 NY2d 510, 517; *People v Gonzalez,* 80 NY2d 146; *People v Major,* 142 AD2d 603, 604). Here, the imprisonment was limited, brief, and incidental to the attempted rape and assault. Thus, the count of unlawful imprisonment merged with the attempted rape and assault counts *(see, People v Major, supra).*

We have considered the defendant's remaining contentions and find that they do not warrant reversal. Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.