■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARNEST JOHNSON, JR., Appellant. [612 NYS2d 528] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's motion to dismiss for insufficiency the second count of the indictment charging sexual abuse in the first degree. The standard for determining whether the description of an offense is sufficiently precise is one of reasonableness, and it is usually sufficient to charge the language of the statute *(see, People v Iannone,* 45 NY2d 589, 599). Defendant did not object to the failure of the People to amplify the language of the indictment in their bill of particulars, and thus failed to preserve that issue for review *(see,* CPL 470.05 [2]; *People v Leon,* 115 AD2d 907, 908; *People v Willette,* 109 AD2d 112, 113). The insufficiency of the evidence of sexual abuse before the Grand Jury is not reviewable upon appeal from the ensuing judgment of conviction, which is based upon legally sufficient trial evidence *(see,* CPL 210.30 [6]; *People v Krouth,* 201 AD2d 912).

The proof of forcible compulsion is sufficient to support the conviction of rape in the first degree and sexual abuse in the first degree *(see, People v Queener,* 166 AD2d 915, *lv denied* 77 NY2d 910). Because defendant failed to assert before the trial court that his conviction of unlawful imprisonment in the second degree was barred by the merger doctrine, that contention has not been preserved for review *(see,* CPL 470.05 [2];

*People v Geer,* 188 AD2d 1014, *lv denied* 81 NY2d 1073; *People v McNamara,* 186 AD2d 984, *lv denied* 81 NY2d 791).

Defendant did not object to the court's supplemental jury instruction. Defendant's contention that the instruction was defective thus has not been preserved for review *(see,* CPL 470.05 [2]; *People v White,* 166 AD2d 910, *lv denied* 76 NY2d 992), and we decline to address it as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]). The court's instruction on reasonable doubt as a whole adequately conveyed the proper standard to be applied by the jury *(see, People v Tolbert,* 203 AD2d 901). (Appeal from Judgment of Onondaga County Court, Burke, J.—Rape, 1st Degree.) Present—Denman, P. J., Green, Lawton, Wesley and Callahan, JJ.