■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BASILIO ROMAN, Appellant. [628 NYS2d 290] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered March 23, 1993, convicting him of arson in the second degree and assault in the second degree, upon a jury verdict, and sentencing him to consecutive indeterminate terms of 10 to 20 years imprisonment and three to six years imprisonment, respectively. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that his inculpatory written and audiotaped statements were obtained in violation of his *Miranda* rights *(see, Miranda v Arizona,* 384 US 436) is unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, this contention is without merit since the defendant's voluntary and knowing waiver of his *Miranda* rights was established at the *Huntley* hearing *(see, People v Huntley,* 15 NY2d 72) by the unrefuted testimony of the Fire Marshal regarding the totality of the circumstances surrounding the defendant's confession *(see, Clewis v Texas,* 386 US 707; *People v Anderson,* 42 NY2d 35, 38).

Moreover, the hearing court properly determined that the defendant's written and audiotaped statements should not be suppressed even though the initial arrest was invalid for lack of probable cause. The causal connection between the illegal arrest and the statements was sufficiently attenuated to purge the taint of the illegal arrest since the statements were obtained by the Fire Marshal who made a subsequent, valid re-arrest *(see, Dunaway v New York,* 442 US 200, 216; *Brown v Illinois,* 422 US 590, 602; *People v Johnson,* 66 NY2d 398, 407; *People v Dyla,* 142 AD2d 423, 430-431).

The defendant contends that reversible error took place when the prosecutor was allowed to cross-examine him with respect to a threatening letter that the defendant had allegedly written to the defendant's wife. However, even if it could be said that the cross-examination strayed from acceptable bounds, any error would be harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230; *People v Wachtel,* 124 AD2d 613).

Finally, the court did not err in imposing consecutive sentences since the assault and the arson were separate acts, neither of which was a material element of the other *(see,* Penal Law § 70.25 [2]; *People v Brown,* 80 NY2d 361; *People v Brathwaite,* 63 NY2d 839; *People v Scandell,* 143 AD2d 423). Balletta, J. P., Copertino, Altman and Goldstein, JJ., concur.