■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIUS HORTON, Appellant. [629 NYS2d 141] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second and third degrees (Penal Law §§ 265.03, 265.02 [4]). Defendant's argument, that there was insufficient proof before the Grand Jury to support a charge of criminal possession of a weapon in the second degree, may not be reviewed on appeal from a judgment based upon legally sufficient evidence (see, CPL 210.30 [6]; People v Johnson, 204 AD2d 1024, lv denied 84 NY2d 827). There is no merit to defendant's argument that the proof at trial varied impermissibly from the indictment as amplified by the amended bill of particulars. At trial, the People advanced the theory that, on April 8, 1992, defendant possessed a loaded firearm with the intent to use it unlawfully against certain individuals with whom he had had an earlier altercation. The evidence presented to the Grand Jury supported that theory (cf., People v Grega, 72 NY2d 489). Supreme Court's instructions to the jury were consistent with that theory. There is no basis, on this record, for the argument advanced by defendant that he was convicted based upon some alternative factual theory not before the Grand Jury. The evidence presented at trial is sufficient to support the jury's determinations that the firearm defendant possessed was loaded and that defendant possessed it with the intent to use it unlawfully against specified individuals. It does not follow that, because the actual use of the firearm by defendant might have been justified, he did not harbor the intent to use the firearm unlawfully prior to the shooting (see, People v Pons, 68 NY2d 264, 267-268; People v Bumbury, 194 AD2d 735, lv denied 82 NY2d 714). (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Criminal Possession Weapon, 2nd Degree.) Present—Green, J. P., Lawton, Wesley, Doerr and Davis, JJ.