■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD McFADDEN, Appellant. [692 NYS2d 393] —Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered September 7, 1995, convicting him of rape in the first degree (three counts), burglary in the first degree, robbery in the first degree, kidnapping in the second degree, aggravated sexual abuse in the first degree, assault in the second degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence on the defendant's convictions for rape in the first degree (three counts), assault in the second degree, and grand larceny in the fourth degree. The appeal brings up for review the denial, after hearings, of those branches of the defendant's omnibus motion which were to suppress statements he made to law enforcement officials, physical evidence, and identification testimony.

Ordered that the judgment is modified, on the law, by reversing the defendant's conviction for kidnapping in the second degree and dismissing that count of the indictment; as so modified, the judgment is affirmed and the matter is remitted to the County Court, Rockland County, to impose sentence on the defendant's convictions for burglary in the first degree, robbery in the first degree, and aggravated sexual abuse in the first degree.

The defendant's contention that the delay in his arraignment was for the sole purpose of depriving him of his right to counsel is meritless. "As a general rule, 'an unnecessary delay in arraignment, without more, does not cause the accused's

critical stage right to counsel to attach automatically and, absent extraordinary circumstances, a delay in arraignment is but one factor to consider in assessing the voluntariness of a confession' " (*People v Quartieri*, 171 AD2d 889, 891, quoting *People v Mosely*, 135 AD2d 662, 663-664; *see also, People v Hopkins*, 58 NY2d 1079; *People v Holland*, 48 NY2d 861). The timeline of events clearly demonstrates that any delay in the defendant's arraignment was due to the defendant's disclosure of information regarding an unrelated homicide and robbery and that the police continued their questioning of the defendant in order to obtain or verify details of this crime (*see, People v Beckham*, 174 AD2d 748; *People v Smith*, 161 AD2d 817, *cert denied* 498 US 1100).

Viewing the evidence in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's conviction of the crime of kidnapping in the second degree, however, must be reversed pursuant to the merger doctrine. The merger doctrine is applicable when "any restriction of the victim's movements was wholly incidental to the simultaneous commission of [another substantive] crime" (*People v Geaslen*, 54 NY2d 510, 517; *People v Gonzalez*, 80 NY2d 146; *People v Black*, 189 AD2d 883). Here, as correctly conceded by the People, the kidnapping was incidental to the rape. Thus, the count of kidnapping merged with the rape counts (*see, People v Black, supra*). However, contrary to the People's brief, the convictions for robbery in the first degree, burglary in the first degree, and aggravated sexual abuse in the first degree did not merge with the rape counts. Although in the sentencing minutes the court noted that the defendant's convictions for robbery in the first degree, burglary in the first degree, and aggravated sexual abuse in the first degree merged with the rape conviction, immediately thereafter the court stated that the sentences for robbery, burglary, and sexual abuse had to run concurrently with the sentences imposed on the defendant's convictions of rape. It therefore appears that the sentencing court intended to impose sentences on the defendant's convictions for robbery, burglary, and sexual abuse but failed to do so. Therefore, the matter must be remitted to the County Court, Rockland County, to impose sentence upon those counts (*see,* CPL 380.20).

The sentences imposed on the defendant's convictions of rape

in the first degree, assault in the second degree, and grand larceny in the fourth degree are not excessive (*see, People v Suitte,* 90 AD2d 80, 85-86).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Bracken, J. P., Thompson, Goldstein and Florio, JJ., concur.