■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENAY LYNCH, Appellant. [708 NYS2d 541] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3]) and robbery in the first degree (Penal Law § 160.15 [1]). Supreme Court properly denied the motion of defendant to suppress her inculpatory statements made to police while she was in custody on an unrelated charge of grand larceny. Defendant had not yet been arraigned on the grand larceny charge nor had an attorney-

client relationship been established with respect to that charge when defendant made incriminating statements concerning the murder. Defendant was then given *Miranda* warnings and made inculpatory oral and written statements. Her right to counsel was not violated when she was allowed to waive counsel and was questioned on the murder charge outside the presence of counsel (*see, People v Ruff,* 81 NY2d 330, 333-335; *People v Kazmarick,* 52 NY2d 322, 327-328; *People v Wergen,* 250 AD2d 1006, 1007). Contrary to defendant's contention, there is no evidence that arraignment was intentionally delayed solely for the purpose of depriving defendant of her right to counsel (*see, People v Ortlieb,* 84 NY2d 989, 990; *People v McFadden,* 261 AD2d 417, 417-418, *lv denied* 94 NY2d 882). Defendant contends for the first time on appeal that her statements were taken in violation of her Fifth Amendment rights, and thus her contention is not preserved for our review (*see,* CPL 470.05 [2]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Defendant received effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137, 147). The verdict is not against the weight of the evidence. The jury was entitled to resolve the credibility issues against defendant, and we cannot conclude that the jury failed to give the evidence the weight it should be accorded (*see, People v Bleakley,* 69 NY2d 490, 495). In light of the heinous nature of the crime, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Tills, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner and Kehoe, JJ.