■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANE SHELTER, Appellant. [732 NYS2d 192] —Judgment unanimously affirmed. Memorandum: County Court properly exercised its discretion in admitting a statement of an off-duty police officer pursuant to the excited utterance exception to the hearsay rule. The statement was made contemporaneously with a startling event, i.e., within minutes of the officer's hav-

ing observed a burning vehicle and two men leaving the scene (*see,* Prince, Richardson on Evidence § 8-604 [Farrell 11th ed]; *see also, People v Cotto,* 92 NY2d 68, 78-79; *People v Edwards,* 47 NY2d 493, 497).

Contrary to defendant's contention, the court properly refused to give an expanded identification charge. No witness identified defendant as the perpetrator of the arson; rather, defendant's identity as the perpetrator was based upon circumstantial evidence. Thus, there was no issue concerning the evaluation of identification testimony and no basis for an expanded identification charge (*see, People v Figueroa,* 172 AD2d 387, *lv denied* 78 NY2d 922). The conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Monroe County Court, Marks, J.—Arson, 3rd Degree.) Present—Pigott, Jr., P. J., Wisner, Scudder, Burns and Gorski, JJ.