■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TELITO KELLER, Appellant. [750 NYS2d 691] —Appeal from a judgment of Onondaga County Court (Aloi, J.), entered June 28, 2001, convicting defendant upon his plea of guilty of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of manslaughter in the first degree (Penal Law § 125.20 [1]). By failing to move to withdraw his plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contention that his plea was not voluntarily, knowingly and intelligently entered (*see People v DeJesus,* 248 AD2d 1023, *lv denied* 92 NY2d 878). In any event, that contention is without merit.

We reject the contention of defendant that County Court erred in denying his motion to suppress his statement to the police. The court's determination that defendant voluntarily waived his *Miranda* rights before making that statement is supported by the record and is entitled to great deference (*see People v Williams,* 202 AD2d 976, *lv denied* 83 NY2d 916). We reject defendant's further contention that the police delayed the filing of the accusatory instrument and thereby delayed his arraignment for the sole purpose of depriving him of his right to counsel. The record supports the court's determination that

the police were continuing to investigate the homicide when they traveled to South Carolina to question defendant and that there was no " 'unnecessary delay' " in arraigning him (*People v Ortlieb,* 84 NY2d 989, 990; *see People v Lynch,* 273 AD2d 806, 807, *lv denied* 95 NY2d 936, *cert denied* 531 US 1194).

Defendant further contends that the in-court identifications of defendant by two witnesses should have been suppressed because the People failed to establish an independent basis for those identifications. We reject that contention. The court properly determined that the photo array procedure was not unduly suggestive and thus was not required to reach the issue whether the People established an independent basis for the identifications (*see People v Chipp,* 75 NY2d 327, 335, *cert denied* 498 US 833). Present—Pigott, Jr., P.J., Green, Scudder, Burns and Gorski, JJ.