THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS CUNNINGHAM, Appellant. [788 NYS2d 790]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered December 5, 2002. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]). The charge arose from the robbery of a taxi driver in the City of Buffalo by two men, one of whom displayed a shotgun.

We reject the contention of defendant that the identification procedure was unduly suggestive. It cannot be said that the viewer's attention was "drawn to defendant's photo in such a way as to indicate that the police were urging a particular selection" (*People v Rogers*, 245 AD2d 1041, 1041 [1997]; *see People v Merriweather*, 298 AD2d 950 [2002], *lv denied* 99 NY3d 561 [2002]). Furthermore, upon our review of the photo array, we

conclude that "the individuals portrayed therein resemble each other sufficiently so that there was not a 'substantial likelihood that the defendant would be singled out for identification' " (*People v Beason*, 252 AD2d 975, 975 [1998], *lv denied* 92 NY2d 980 [1998], quoting *People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). As the hearing court properly determined that the photo identification procedure was not unduly suggestive, it was not required to reach the issue of whether the victim had an independent basis for the identification (*see Chipp*, 75 NY2d at 335; *People v Keller*, 299 AD2d 915, 916 [2002], *lv denied* 99 NY2d 583 [2003]). Defendant's remaining contention regarding the photo array is not preserved for our review, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's contention that the sentence is unduly harsh or severe. Furthermore, in the exercise of our factual review powers, we conclude that the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Scudder, J.P., Kehoe, Gorski, Martoche and Smith, JJ.