■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICKIE JACKSON, Respondent. [791 NYS2d 262]—

Appeal from an order of the Supreme Court, Monroe County (David D. Egan, J.), entered March 27, 2003. The order granted

defendant's motion to suppress evidence obtained during an inventory search of defendant's vehicle.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law, the motion is denied and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the indictment.

Memorandum: The People appeal from an order that granted the motion of defendant to suppress evidence obtained during an inventory search of his vehicle preceding the impoundment of the vehicle. The police stopped the vehicle driven by defendant based on their observation of routine traffic violations, and the police then discovered that the registration of the vehicle had been suspended for lack of insurance. In granting the motion, Supreme Court determined that the inventory search of the vehicle was not conducted in compliance with the Rochester Police Department's guidelines for inventory searches preceding impoundment. That was error. The police were authorized to impound the vehicle upon discovering that the registration of the vehicle had been suspended (*see People v Marasa*, 284 AD2d 971 [2001], *lv denied* 96 NY2d 940 [2001]), and the record establishes that the inventory search was properly "conducted pursuant to 'an established procedure clearly limiting the conduct of individual officers that assures that [inventory] searches are carried out consistently and reasonably' " (*People v Johnson*, 1 NY3d 252, 256 [2003]; *see People v Ballard*, 174 AD2d 1025 [1991], *lv denied* 79 NY2d 824 [1991]). Present— Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.