THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONYA S. SWANSBROUGH, Appellant. [802 NYS2d 777]—

Kane, J. Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered March 10, 2003, upon a verdict convicting defendant of the crimes of unlawful imprisonment in the first degree, assault in the second degree, assault in the third degree and aggravated harassment in the second degree.

Defendant was charged with several crimes in relation to an assault which she and two codefendants committed upon a woman by punching her, kicking her and pulling out her hair. As part of the attack, the male codefendant held the victim down while one or both of the other assailants kicked her. During a joint trial at which defendant had a separate jury, the parties became aware that the prosecution had not disclosed a police report involving a verbal altercation that the victim had with another person approximately six months after the attack for which defendant was on trial. County Court permitted the defense to reopen the evidence and cross-examine the victim based on that information. The jury acquitted defendant of a

hate crime, but convicted her of unlawful imprisonment in the first degree, assault in the second and third degrees and aggravated harassment in the second degree. She now appeals.

Defendant first contends that the unlawful imprisonment count should have been dismissed because it merged with the assault charges. We agree. The merger doctrine precludes conviction for kidnaping or unlawful imprisonment when the acts constituting such offense are so much the part of another charged substantive crime that "independent criminal responsibility may not be fairly attributed to them" (*People v Geaslen*, 54 NY2d 510, 517 [1981]; *see People v Gonzalez*, 80 NY2d 146, 152-153 [1992]). "The question is whether the conduct underlying the charge of unlawful imprisonment is incidental and inseparable from the other charged crime" (*People v Malone*, 3 AD3d 795, 798 [2004], *lv denied* 2 NY3d 763 [2004] [citation omitted]; *see People v Howard*, 305 AD2d 869, 871 [2003], *lv denied* 100 NY2d 583 [2003]; *People v Blanchard*, 177 AD2d 854, 855 [1991], *lv denied* 79 NY2d 918 [1992]), and the restriction of movement is merely "preliminary, preparatory, or concurrent action" in relation to the ultimate crime (*People v Miles*, 23 NY2d 527, 539 [1969], *cert denied* 395 US 948 [1969]). Here, in the course of a fight that lasted three or four minutes, for a portion of that time the male codefendant held the victim down while the other attackers continued to beat and kick her. "The doctrine is certainly applicable to this case, where any restriction of the victim's movements was wholly incidental to the simultaneous commission of the crime of [assault]" (*People v Geaslen, supra* at 517; *see People v Black*, 189 AD2d 883, 884 [1993], *lv denied* 81 NY2d 967 [1993]; *but cf. People v Peters*, 1 AD3d 270, 271 [2003], *lv denied* 1 NY3d 632 [2004]). Thus, although the elements of unlawful imprisonment were technically established against defendant under a theory of accessorial liability, that count merged with the assault counts and should have been dismissed.

Defendant next contends that if the unlawful imprisonment count is dismissed, there is no underlying felony charge which could form the basis for a conviction of assault in the second degree under a theory of assault "[i]n the course of and *in furtherance of* the commission or attempted commission of a felony" (Penal Law § 120.05 [6] [emphasis added]). Again, we agree. Initially, we observe that the evidence here was insufficient to support the conclusion that the assault was committed to further the unlawful imprisonment as required by Penal Law § 120.05 (6); rather, any unlawful imprisonment was committed in furtherance of the assault. Additionally, because County

Court should have dismissed the unlawful imprisonment count under the merger doctrine, there was no underlying felony to serve as the basis for a felony assault and that conviction must be reversed (*cf. People v Malone, supra* at 796; *People v Suggs,* 296 AD2d 559, 559 [2002]).

As previously decided in the codefendant's case, the People committed a *Brady* violation by failing to disclose a police report affecting the credibility of their key witness, but that violation does not require reversal because defendant was given a meaningful opportunity to use the material when County Court permitted reopening the proof to cross-examine the victim with this information (*see People v Monroe,* 17 AD3d 863, 864 [2005]). We cannot accept defendant's argument that she was in a different position than her codefendants in that she would not have permitted her separate jury to hear a codefendant's defense witness if the jury had previously heard the cross-examination of the victim based on the undisclosed police report. The court limited the use of that information to impeachment, so the *Brady* material could not have been used to prove the point she intended to bring out through this defense witness. Under the circumstances, defendant, like her codefendant, was not deprived of a fair trial as a result of the *Brady* violation.

Defendant's remaining contention has been reviewed and is unpersuasive.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's convictions of the crimes of unlawful imprisonment in the first degree and assault in the second degree under counts 3 and 4 of the indictment; said counts dismissed and vacate sentences imposed thereon; and, as so modified, affirmed.