The People of the State of New York, Respondent, v George T. Cotton, Appellant. [831 NYS2d 806]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered March 11, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts) and a traffic infraction.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [2]) and two counts of criminal possession of a weapon in the third degree (§ 265.02 [former (4)]). On March 28, 2002, defendant shot and killed another person during an altercation. On May 29, 2003, police stopped the vehicle driven by defendant for his failure to wear a seatbelt. The police officers then discovered that defendant's registration was suspended and that the vehicle was uninsured. One of the officers thereafter obtained a handgun from defendant's vehicle during an inventory search preceding the impoundment of the vehicle for the suspended registration.

We reject the contention of defendant that Supreme Court erred in denying his motion, pursuant to CPL 270.10 (1), to dismiss the jury panel on the ground that it did not reflect a fair cross-section of the community. Defendant's motion papers failed to set forth sufficient facts demonstrating a systematic exclusion of African-Americans from the jury pool (see People v McFadden, 244 AD2d 887, 889 [1997]; People v Grant, 226 AD2d 1092, 1093 [1996], lv denied 89 NY2d 864 [1996]). We reject the further contention of defendant that Penal Law § 265.15 (4) is unconstitutional and thus that his conviction of criminal possession of a weapon in the second degree must be reversed (see People v McKenzie, 67 NY2d 695, 696 [1986]). Nor is there merit to the contention of defendant that the statutory presumption of Penal Law § 265.15 (4) was unconstitutionally applied to him. Further, "[i]t does not follow that, because the actual use of the firearm by defendant might have been justified, he did not harbor the intent to use the firearm unlawfully prior to the shooting" (People v Horton, 216 AD2d 913 [1995], lv denied 87 NY2d 902 [1995]).

Defendant presented evidence after the court denied his motion to dismiss the indictment at the close of the People's case and therefore waived his contention that the court erred in denying that motion (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Allen*, 1 AD3d 947, 948 [2003], *lv denied* 1 NY3d 594 [2004]). By failing to renew his motion to dismiss the indictment at the close of proof, defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see Hines*, 97 NY2d at 61; *People v Adamus*, 31 AD3d 1210 [2006]). Contrary to defendant's contention, the verdict is not against the weight of the evidence. The jury was entitled to resolve credibility issues in favor of the People (*see People v Walek*, 28 AD3d 1246 [2006], *lv denied* 7 NY3d 764 [2006]), and it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

The court did not err in denying that part of the omnibus motion of defendant to suppress the handgun discovered in his vehicle during the inventory search (*see People v Jackson*, 16 AD3d 1022 [2005], *lv denied* 4 NY3d 854 [2005]). The court properly imposed a consecutive term of incarceration (*see generally People v Okafore*, 72 NY2d 81, 87 [1988]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Peradotto, JJ.