Appeal from judgment, Supreme Court, New York County (Carol Berkman, J.), rendered May 28, 2008, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a term of three years, held in abeyance, and the matter remitted for a de novo suppression hearing before another Justice.
The hearing court denied suppression after crediting police testimony about the circumstances leading to the recovery of pistol in the course of the stop of a livery cab in which defendant was a passenger. However, the People failed to disclose grand jury testimony by the cab driver that materially contradicted the police account of the incident. A defendant is entitled to disclosure of favorable “evidence of a material nature which if disclosed could affect the ultimate decision on a suppression motion” (People v Geaslen, 54 NY2d 510, 516 [1981]).
As the People concede, defendant is entitled to a reopened suppression hearing (see People v Feerick, 93 NY2d 433, 451-452 [1999]). We reject defendant’s argument that, on this appeal, this Court should accept the driver’s account of the incident *581 and grant suppression. Instead, the suppression court should make the necessary credibility determinations “with its peculiar advantages of having seen and heard the witnesses” (People v Prochilo, 41 NY2d 759, 761 [1977]).
Contrary to defendant’s argument, the principle set forth in People v Havelka (45 NY2d 636 [1978]) does not preclude a reopened hearing. “[T]here is no claim here that the People’s proof at the suppression hearing was insufficient; the claim was that there was an error at the hearing — that, because of the nondisclosure of Brady material, defendant did not have a fair chance to refute the People’s case” (People v Williams, 7 NY3d 15, 21 [2006]). Concur — Sweeny, J.P., Catterson, Acosta, Freedman and Román, JJ.