# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1314**

**KA 12-00660**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                           MEMORANDUM AND ORDER

GARY D. JAMES, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered February 29, 2012.  The judgment convicted defendant, upon a jury verdict, of burglary in the first degree, unlawful imprisonment in the second degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing that part convicting defendant of unlawful imprisonment in the second degree and dismissing count two of the indictment and by reducing the sentence imposed for burglary in the first degree to a determinate term of five years of incarceration to be followed by three years of postrelease supervision and as modified the judgment is affirmed.

Memorandum:  On appeal from the judgment convicting him upon a jury verdict of burglary in the first degree (Penal Law § 140.30 [2]), unlawful imprisonment in the second degree (§ 135.05) and assault in the second degree (§ 120.05 [6]), defendant contends that his conviction of unlawful imprisonment should be dismissed pursuant to the merger doctrine.  Although defendant failed to preserve his contention for our review (*see* CPL 470.05 [2]; *People v Johnson*, 204 AD2d 1024, 1024, *lv denied* 84 NY2d 827), we exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]) and, because we agree with defendant, we modify the judgment accordingly.  "Under the doctrine of judicial merger, an unlawful imprisonment or kidnapping that is incidental to and inseparable from the commission of another crime merges with such other crime" (*People v Moore*, 154 AD2d 929, 929, *lv denied* 75 NY2d 773).  In determining whether the merger doctrine applies herein, "our guiding principle is whether [defendant's] restraint [of the victim] was so much the part of another substantive crime[, i.e., the crime of

assault,] that the substantive crime could not have been committed without such acts [constituting the crime of unlawful imprisonment] and that independent criminal responsibility may not fairly be attributed to them" (*People v McEathron*, 86 AD3d 915, 915-916, *lv denied* 19 NY3d 975 [internal quotation marks omitted]).  Here, the brief "abduction" of the victim, i.e., the moment when defendant grabbed the victim and pulled him outside the dwelling at issue, was "merely 'preliminary, preparatory, or concurrent action' in relation to the ultimate crime [of assault]" (*People v Swansbrough*, 22 AD3d 877, 878, quoting *People v Miles*, 23 NY2d 527, 539, *cert denied* 395 US 948), and we thus conclude that the unlawful imprisonment count merged with the assault count (*see id.*; *see also People v Major*, 142 AD2d 603, 604).

Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of burglary in the first degree inasmuch as he made only a general motion for a trial order of dismissal (*see People v Gray*, 86 NY2d 10, 19) and, furthermore, he failed to renew the motion after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678).  In any event, that contention lacks merit.

First, defendant contends that the evidence with respect to the burglary conviction is legally insufficient because the People did not establish that defendant entered the victim's dwelling with intent to commit the crime of unlawful imprisonment.  " 'In order to secure a conviction for burglary, the People need only allege and prove a knowing and unlawful entry coupled with an intent to commit a crime therein.  There is no requirement that the People allege or establish what particular crime was intended' " (*People v Lewis*, 5 NY3d 546, 552, quoting *People v Mahboubian*, 74 NY2d 174, 193).  However, "[i]f the People . . . expressly limit[ ] their theory of the 'intent to commit a crime therein' element to a particular crime, then they would have . . . to prove that the defendant intended to commit that crime" (*id.* at 552 n 7).  Even assuming, arguendo, that the prosecutor expressly limited the "intent to commit a crime therein" to the crime of unlawful imprisonment, we reject defendant's contention that the burglary count necessarily fails upon our dismissal of the unlawful imprisonment count.  To the extent that the People limited their theory of intent to the allegation that defendant intended to commit unlawful imprisonment, "the People were required to prove only that defendant *intended* to commit [that] crime[]" (*People v Bibbes*, 98 AD3d 1267, 1269, *amended on rearg* 100 AD3d 1473, *lv denied* 20 NY3d 931), "not that he *actually committed* [that crime]" (*People v Porter*, 41 AD3d 1185, 1186, *lv denied* 9 NY3d 963 [emphasis added]; *see People v Mackey*, 49 NY2d 274, 279).  Here, the People established that defendant intended to commit the crime of unlawful imprisonment upon entering the victim's home, i.e., defendant intended to restrain the victim (*see* Penal Law § 135.05), and the dismissal of the underlying count of unlawful imprisonment based on the merger doctrine does not impact the burglary conviction.

Second, defendant contends in support of his legal sufficiency challenge with respect to the burglary conviction that the evidence

does not demonstrate that he entered the victim's dwelling with the intent to commit *any* crime therein.  We reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495).  " 'In burglary cases, the defendant's intent to commit a crime within the premises may be inferred beyond a reasonable doubt from the circumstances of the entry' " (*People v Beaty*, 89 AD3d 1414, 1416, *affd* 22 NY3d 918), his "unexplained presence on the premises, and [his] actions and statements when confronted by police or the property owner" (*People v Ostrander*, 46 AD3d 1217, 1218; *see People v Rodriguez*, 17 NY3d 486, 489; *People v Bracey*, 41 NY2d 296, 301, *rearg denied* 41 NY2d 1010).  Here, defendant's intent to commit the crime of unlawful imprisonment in the second degree, i.e., his intent to restrain the victim, may be inferred from the evidence that defendant reached into the victim's dwelling and dragged him to the porch before continuously punching him.

Third, defendant contends in support of his legal sufficiency challenge with respect to the burglary conviction that the People failed to establish that defendant caused physical injury to the victim while entering the victim's dwelling, while in the dwelling, or while in immediate flight therefrom.  We reject that contention.  There is no dispute that the physical contact between defendant and the victim began when defendant grabbed the victim inside the victim's home and continued as defendant pulled the victim onto the porch of that dwelling.  We conclude that the circumstances of this case reflect a continuous assault that began when defendant grabbed the victim inside the victim's dwelling (*see generally People v Alonzo*, 16 NY3d 267, 270; *People v Snyder*, 100 AD3d 1367, 1367, *lv denied* 21 NY3d 1010).

Defendant likewise failed to preserve for our review his contention that the conviction of assault in the second degree is not supported by legally sufficient evidence (*see Gray*, 86 NY2d at 19; *see also Hines*, 97 NY2d at 61), and in any event it lacks merit (*see generally Bleakley*, 69 NY2d at 495).  Viewing the evidence in light of the crimes of burglary in the first degree and assault in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict with respect to those crimes is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant further contends that he was denied a fair trial and thus that reversal is required based on the cumulative effect of various errors committed by County Court.  We reject that contention.  We note at the outset that we agree with defendant that the court erred with respect to its *Sandoval* ruling in failing "to make the necessary determination that the probative value of [defendant's prior convictions of criminal contempt and resisting arrest] on the issue of defendant's credibility outweighed the potential for prejudice to defendant" (*People v Arnold*, 298 AD2d 895, 896, *lv denied* 99 NY2d 580; *see generally People v Williams*, 56 NY2d 236, 238-239).  In addition, the court erred in determining that defendant opened the door to the prosecutor's cross-examination of a defense witness concerning defendant's prior conviction of assault in the third degree (*cf.*

*People v Fardan*, 82 NY2d 638, 646; *People v Lyon*, 77 AD3d 1338, 1338, *lv denied* 15 NY3d 954).  Reversal is not required, however, because the court's errors were harmless (*see People v Wongsam*, 105 AD3d 980, 981-982, *lv denied* 21 NY3d 1012; *People v Towsley*, 53 AD3d 1083, 1084, *lv denied* 11 NY3d 795; *see generally People v Grant*, 7 NY3d 421, 424).

Defendant waived his further contention that he was denied a fair trial by the court's submission of an annotated verdict sheet to the jury, inasmuch as the record establishes that he consented thereto (*see People v Cipollina*, 94 AD3d 1549, 1550, *lv denied* 19 NY3d 971; *see also People v Johnson*, 96 AD3d 1586, 1587, *lv denied* 19 NY3d 1027).  Defendant failed to preserve for our review his contentions concerning the court's failure to dismiss the indictment based on allegedly defective grand jury proceedings and the court's alleged error in allowing the prosecutor and an assistant prosecutor to read into the record at trial portions of defendant's grand jury testimony (*see* CPL 470.05 [2]).  We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We further conclude that the court did not err in admitting that redacted testimony in evidence and thus that defendant was not thereby denied a fair trial (*see People v Harris*, 249 AD2d 775, 777).

Defendant likewise failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct (*see* CPL 470.05 [2]), and in any event it lacks merit.  "Reversal based on prosecutorial misconduct is 'mandated only when the conduct [complained of] has caused such substantial prejudice to the defendant that he has been denied due process of law' " (*People v Jacobson*, 60 AD3d 1326, 1328, *lv denied* 12 NY3d 916), and that cannot be said here. We reject defendant's further contention that he did not receive effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147).  To the extent that defendant contends that defense counsel was ineffective in failing to object to the annotated verdict sheet and, indeed, in consenting to its submission, we conclude under the circumstances of this case that such error was not so prejudicial as to deprive defendant of a fair trial and thus does not constitute ineffective assistance (*see People v Kirkland*, 49 AD3d 1260, 1261, *lv denied* 10 NY3d 961, *cert denied* 555 US 1181; *see generally People v Benevento*, 91 NY2d 708, 712-713).

Finally, we agree with defendant that the sentence is unduly harsh and severe insofar as it imposes a determinate term of 6½ years of imprisonment on the burglary conviction to be followed by five years of postrelease supervision.  We therefore further modify the judgment as a matter of discretion in the interest of justice by reducing the sentence imposed for the burglary conviction to a determinate term of five years of imprisonment to be followed by three years of postrelease supervision.


Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court