■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND JOHNSON, Appellant. [756 NYS2d 548] —Judgment, Supreme Court, New York County (John Bradley, J.), rendered July 17, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning credibility. Contrary to defendant's argument, the "ghost" officer testified that he personally did not observe the drug sale at issue, and not that such transaction never occurred. The discrepancy in testimony between the undercover officer and the "ghost" as to who played which role in the instant case is easily explained by their practice of repeatedly switching roles.

Defendant is not entitled to reversal based on the People's alleged *Brady* violation (*Brady v Maryland*, 373 US 83 [1963]) in failing to make timely disclosure of the allegedly exculpatory testimony of the "ghost" officer. As noted, that testimony did not impeach the testimony of the main police witness on any material point, and thus had little or no exculpatory value. Even if this evidence could be considered *Brady* material, it was disclosed to defendant at a time that permitted the defense

to effectively use the evidence, which it did by calling the "ghost" to testify (*see People v Cortijo*, 70 NY2d 868 [1987]; *People v Sutherland*, 219 AD2d 523 [1995], *lv denied* 88 NY2d 886 [1996]). Defendant has not shown how earlier disclosure would have positively affected his cross-examination of the People's witnesses or other aspects of his trial strategy. We note that defendant did not seek to recall any witnesses for further cross-examination and did not argue that such a remedy would be futile. In any event, even if we were to find that the evidence was *Brady* material and was not disclosed in a timely manner, we would find that there was no "reasonable possibility" that the verdict would have been different with earlier disclosure (*see People v Vilardi*, 76 NY2d 67, 77 [1990]).

The court properly exercised its discretion by denying defendant's motion for a mistrial based on the People's loss of a police report and instead delivering an adverse inference charge, since there is no evidence of bad faith and the adverse inference charge eliminated any prejudice to defendant under the circumstances of the case (*see People v Martinez*, 71 NY2d 937, 940 [1988]). Concur—Nardelli, J.P., Buckley, Rosenberger and Marlow, JJ.