■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL OATMAN, Appellant. [787 NYS2d 128]—

Mugglin, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered September 22, 2003, upon a verdict convicting defendant of the crimes of rape in the first degree and sodomy in the first degree.

Defendant's convictions are the result of a jury verdict determining that, in January 2002, he engaged in sexual intercourse by forcible compulsion and deviate sexual intercourse with a female child who was less than 11 years old. Defendant was sentenced to consecutive five-year terms of imprisonment and five years of postrelease supervision. Defendant appeals, making three basic arguments.

First, defendant asserts that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. The insufficiency argument lacks merit. The testimony of the examining pediatrician, as well as the victim's explicit testimony, when viewed in the light most favorable to the People, established "a valid line of reasoning and permissible inferences from which the trier of fact could have found defen-

dant guilty of" the crimes charged (*People v Strawbridge*, 299 AD2d 584, 593 [2002], *lvs denied* 99 NY2d 632 [2003], 100 NY2d 599 [2003]; *see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Baker*, 4 AD3d 606, 609-610 [2004], *lv denied* 2 NY3d 795 [2004]). Defendant's weight of the evidence argument distills to his claim that his testimony was more credible than that of the victim. We find no reason in this record to not afford the usual deference to the jury's assessment of the credibility of the witnesses and we, therefore, conclude that the verdict is not against the weight of the evidence (*see People v Saunders*, 309 AD2d 1063, 1064 [2003]; *People v Parker*, 305 AD2d 858, 859 [2003]; *People v Taylor*, 276 AD2d 933, 936 [2000], *lv denied* 96 NY2d 788 [2001]).

Defendant's second argument is that he was deprived of a fair trial by County Court's *Sandoval* rulings and because a rape crisis counselor was allowed to sit near the victim in the courtroom while she testified. County Court determined that, if defendant testified, his two prior convictions for attempted criminal contempt in the second degree, as well as the underlying facts, could be used to impeach his credibility. These convictions, based upon defendant's pleas of guilty, resulted from defendant having violated a Family Court order and involved threats of violence to his former wife and their daughter. We find no abuse of discretion by County Court in determining that these convictions clearly demonstrate defendant's inclination to place his interests above that of society and were relevant with respect to his credibility (*see People v Hayes*, 97 NY2d 203, 207-208 [2002]; *People v Clarke*, 5 AD3d 807, 809 [2004], *lv denied* 2 NY3d 796 [2004]; *People v Jackson*, 302 AD2d 748, 751 [2003], *lv denied* 100 NY2d 539 [2003]). Further, we find no merit to defendant's argument that the presence of the rape crisis counselor deprived him of a fair trial because it "enabl[ed] the victim to continue telling an untrue story." This argument is at variance with the jury determination that the victim was telling a true story and is factually inaccurate. Rather than being seated near the victim in the well of the courtroom, the counselor actually was seated beside a court attendant, behind the victim and out of her direct line of sight.

Lastly, defendant devotes the bulk of his appellate brief to a litany of claimed deficiencies in the performance of his retained trial counsel. We find no merit to his argument that he received the ineffective assistance of counsel. At trial, defendant both denied that he committed these crimes and attempted to lay the blame on the victim's father. He now claims that trial counsel was ineffective for failing to request an adjournment to await

the results of the rape kit test that had been performed on the victim in May 2002. In our view, defense counsel properly recognized that the results of the test—whether negative or positive—would not have been relevant to the incident as nearly five months elapsed between the date of the crimes and the date of the test. Moreover, his appellate argument—that if the test were positive for sperm, his attempt to blame the father would be bolstered because the victim was residing with the father at the time the test was performed—is entirely baseless, since the test result was negative for sperm. Defendant's other arguments are similarly conjectural in nature or unpersuasive in view of trial counsel's appropriate pretrial and trial motions, his presentation of defense witnesses, his effective cross-examination and his pursuit of a reasonable and legitimate defense strategy (see People v Taylor, 1 NY3d 174, 175-178 [2003]; People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 146-147 [1981]).

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.