■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TORI L. MONROE, Appellant. [793 NYS2d 276]—

Kane, J. Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered June 13, 2003, upon a verdict convicting defendant of the crimes of unlawful imprisonment in the first degree, assault in the second degree, assault in the third degree and aggravated harassment in the second degree.

Defendant was charged with multiple crimes in connection with a fight between her, two codefendants and the victim outside a gas station. After the proof had been closed in

defendant's jury trial, defendant became aware that several months after the events on trial the victim had been involved in two arguments with the attendant at another gas station. Defendant moved for a mistrial, alleging a *Brady* violation based on the People's failure to turn over a police report related to the second incident. County Court denied the motion, but took the attendant's testimony outside the jury's presence and permitted the defense to reopen the proof. Defense counsel cross-examined the victim regarding these incidents, although the court limited the use of this information against the victim only as to her credibility and for putting her own interests above those of society, not for her propensity to engage in arguments. After defendant was convicted of multiple counts, she moved pursuant to CPL 330.30 to set aside the verdict based on, among other things, the alleged *Brady* violation. County Court denied the motion and sentenced defendant to an aggregate term of six months in jail and five years' probation. Defendant appeals.

Defendant is not entitled to a reversal despite the People's *Brady* violation. The subject material was *Brady* material because it affected the credibility of a key prosecution witness, and failure to disclose it constituted a *Brady* violation (*see People v Baxley*, 84 NY2d 208, 213 [1994]; *People v Hawes*, 298 AD2d 706, 708 [2002], *lv denied* 99 NY2d 582 [2003]). Defendant was given a meaningful opportunity to use the exculpatory information, however, when County Court permitted the defense to recall the prosecution witness immediately prior to summations for the purpose of impeachment (*see People v Cortijo*, 70 NY2d 868, 870 [1987]; *People v Johnson*, 303 AD2d 208, 208-209 [2003], *lv denied* 100 NY2d 595 [2003]; *People v Tessitore*, 178 AD2d 763, 764 [1991], *lv denied* 79 NY2d 1008 [1992]). This procedure placed defendant in an arguably better position in that the final proof submitted to the jury was testimony that cast doubt upon the character of the chief prosecution witness.

In any event, where a defendant makes only a general demand for disclosure, evidence is only deemed material, thus requiring a new trial, if there is a reasonable probability that the result would have been different had the evidence been disclosed (*see People v Bryce*, 88 NY2d 124, 128 [1996]; *People v Hawes, supra* at 708; *People v Yusufi*, 247 AD2d 648, 650 [1998], *lv denied* 92 NY2d 863 [1998]). Because this information was admissible only to impeach the victim, not as proof of her propensity to start altercations, and defendant in fact effectively used the material, there is no reasonable probability that earlier disclosure of this police report would have affected the verdict.

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.