■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE W. CHAFFEE, Appellant. [816 NYS2d 615]—

Mercure, J. Appeals (1) from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered December 17, 2003, upon a verdict convicting defendant of the crimes of rape in the third degree (three counts) and endangering the welfare of a child, and (2) by permission, from an order of said court, entered July 11, 2005, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

By a seven-count indictment, defendant was charged with rape in the first degree (three counts), rape in the third degree (three counts) and endangering the welfare of a child. The charges stemmed from allegations by the victim, defendant's stepdaughter, that on three occasions in November 2000, he entered her bedroom and forcibly compelled her to engage in sexual intercourse. The victim reported the incidents to police in July 2002 and, following an investigation, defendant was arrested.

At the conclusion of a jury trial, defendant was convicted of rape in the third degree (three counts) and endangering the welfare of a child. He was sentenced to an aggregate prison term of 6 to 12 years. County Court denied his subsequent CPL article 440 motion to vacate the judgment of conviction. Defendant appeals from the judgment of conviction and, by permission of this Court, from the order denying his motion to vacate, and we now affirm.

Defendant argues that the verdict is not supported by legally sufficient evidence and was against the weight of the evidence. We first note that defendant did not preserve his argument that the People failed to establish that the victim was less than 17 years of age, an element of rape in the third degree (*see* Penal Law § 130.25; *see also People v Sieber*, 26 AD3d 535, 535-536 [2006]). In any event, were we to reach the issue, we would not find reversal in the interest of justice warranted here. Although the victim initially appeared confused regarding her birthday, she later unequivocally asserted that she was born on November 16, 1983, and that all three sexual encounters with defendant occurred prior to her 17th birthday. Testimony from the victim's boyfriend also confirmed that she had disclosed the sexual encounters prior to her 17th birthday. Viewed in a light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), this evidence was legally sufficient to establish that the victim was less than 17 years of age at the time of the incidents in question (*see People v Alford*, 287 AD2d 884, 886 [2001], *lv denied* 97 NY2d 750 [2002]; *see also People v Perkins*, 27 AD3d 890, 892 [2006]). Further, while a different result would not have been unreasonable, after " 'weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]), we conclude that the verdict was not against the weight of the evidence.

We similarly reject defendant's assertion that the People's failure to timely disclose certain *Brady* material constitutes reversible error. Specifically, defendant asserts that his due process rights were violated when the People failed to provide a page from a Planned Parenthood questionnaire completed by the victim, in which she admitted to prior drug and alcohol use. The People concede that the evidence constituted *Brady* material (*see People v Monroe*, 17 AD3d 863, 864. [2005]) and that, because a portion of the document was cut off during facsimile transmittal, defendant did not come into possession of a full copy of the questionnaire until after the People closed their proof. The record additionally reveals that while County Court denied defendant's request for a mistrial, the court permitted him to recall the victim, cross-examine her based on the newly disclosed evidence and admit the missing page into evidence. Under the circumstances, reversal is not required here (*see id.* at 864; *see also People v Swansbrough*, 22 AD3d 877, 879 [2005]; *cf. People v Bond*, 95 NY2d 840, 843 [2000]).

Also unpersuasive is defendant's argument that County Court

erred in permitting the People to introduce testimony from the victim concerning the events surrounding defendant's conviction for admittedly sexually assaulting her when she was approximately four or five years old. Where probative value outweighs the prejudice to defendant, "evidence of a defendant's prior abusive behavior toward a complainant may be admissible to prove the element of forcible compulsion in a rape case . . . even though, as in this case, the defense is not consensual sex, but that the rape never occurred and that the complainant's allegation was a lie" (*People v Cook*, 93 NY2d 840, 841 [1999]). Here, County Court permitted the evidence because it was relevant with respect to intent and the element of forcible compulsion. The court further provided appropriate limiting instructions to that effect. Accordingly, we cannot say that the court's ruling constituted an abuse of discretion (*see id.* at 841; *People v Tarver*, 2 AD3d 968, 969 [2003]; *People v McClain*, 250 AD2d 871, 872 [1998], *lv denied* 92 NY2d 901 [1998]; *cf. People v Greene*, 306 AD2d 639, 642-643 [2003], *lv denied* 100 NY2d 594 [2003]).

Finally, inasmuch as "[v]ague and unsupported assertions are insufficient to warrant a hearing," we conclude that County Court did not err in denying defendant's CPL 440.10 motion without a hearing (*People v Griffin*, 24 AD3d 972, 974 [2005], *lv denied* 6 NY3d 834 [2006]). Defendant's remaining contentions have been considered and are similarly lacking in merit.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the judgment and order are affirmed.