THIRD DEPARTMENT, JANUARY, 2008

(January 3, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK E. GATHERS, Appellant. [851 NYS2d 280]—

Carpinello, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered February 15, 2006, upon a verdict convicting defendant of the crimes of criminal sexual act in the third degree (three counts) and rape in the third degree.

Following a jury trial, defendant was found guilty of rape in the third degree and three counts of criminal sexual act in the third degree based on evidence that he had sexual intercourse, oral sex and anal sex with his ex-girlfriend without her consent. On appeal, he argues that the victim's lack of consent was not proven beyond a reasonable doubt. We affirm.

Defendant's argument that the evidence was legally insufficient to support his convictions because the element of lack of consent was not proven is unpreserved for review since he failed to move to dismiss these counts on any ground, particularly lack of consent, at the close of the People's proof (*see People v Gray,* 86 NY2d 10, 19 [1995]; *People v Chaffee,* 30 AD3d 763, 764 [2006], *lv denied* 7 NY3d 846 [2006]; *People v Banks,* 27

AD3d 953, 954 [2006], *lv denied* 7 NY3d 752 [2006]). Were we to reach the issue, we would not find reversal in the interest of justice warranted here.

We are likewise satisfied, upon the exercise of our factual review power (*see People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Bleakley*, 69 NY2d 490, 495 [1987]), that the verdict was not against the weight of the evidence. The victim's testimony established that defendant arrived unannounced at her apartment in the middle of the night in an angry, anxious and agitated state because he had allegedly been robbed. Although the victim's roommate came home briefly while defendant was there, he paid her to run an errand for him. As soon as the roommate left, defendant indicated that he and the victim were then free to have intercourse. The victim told defendant that this was not going to happen because they were no longer a couple, but he repeatedly told her that they were going to have intercourse and that their present relationship status was "irrelevant." The victim further testified that she became scared because of his unusual behavior and therefore took off her clothes as commanded.* Indeed, she specifically testified that she had never seen defendant like this before.

Moreover, according to the victim, when defendant began having intercourse with her, she told him to stop and attempted to push him away, to no avail. He then performed oral sex on her, put his penis in her mouth and began to penetrate her anus. She testified that she was crying throughout the attack. The victim's roommate testified that, when she returned to the apartment a short time later, defendant was still there and the victim was upset.

Testimony further established that the victim was "hysterical" the following morning when she told a friend about the assault and that this friend then contacted the police. Additionally, results of a rape kit revealed the presence of defendant's sperm in the victim's vagina and anal cavity. Finally, there was evidence that defendant, upon being questioned by police, initially denied having any sexual contact with the victim that morning but later admitted that he did but claimed that she had initiated it. Although a contrary verdict would not have been unreasonable had the jury rejected the victim's testimony, it was the jury's responsibility to resolve all credibility issues and this Court accords due deference to such credibility determinations (*see e.g. People v Sullivan*, 41 AD3d 967, 968-969 [2007]; *People v Williams*, 40 AD3d 1364, 1366 [2007]; *People*

---

* According to the victim, as defendant proceeded to the front door to lock it, he told her that her clothes "better be off."

*v Chaffee, supra*; *People v Oatman*, 12 AD3d 790, 791 [2004]; *People v Plaisted*, 2 AD3d 906, 908 [2003], *lv denied* 2 NY3d 744 [2004]). Weighing the evidence in a neutral light (*see People v Bleakley, supra*), we conclude that the verdict was not against the weight of the evidence.

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.