(December 22, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL ROSARIO, Appellant. [892 NYS2d 338]—

The trial court improperly admitted into evidence a prior consistent statement by the complainant, thereby allowing the impermissible bolstering of the complainant's testimony (see People v McDaniel, 81 NY2d 10, 16 [1993]; People v McClean, 69 NY2d 426, 428 [1987]; People v Van Ness, 43 AD3d 553, 554-555 [2007], lv denied 9 NY3d 965 [2007]), an error that is especially prejudicial when the complainant's credibility is the linchpin of a conviction. The note that the complainant wrote approximately one year before she made the accusation to the police cannot satisfy the "prompt outcry" exception to the hearsay rule relied on by the trial court, in view of the months-long delay between the charged conduct and the writing of the note, especially in the absence of a sufficient explanation for the complainant's not confiding in someone else earlier (see People v Banks, 27 AD3d 953, 954-955 [2006], lv denied 7 NY3d 752 [2006]; People v Allen, 13 AD3d 892, 894-895 [2004], lv denied 4 NY3d 883 [2005]). According to the complainant's testimony, defendant's conduct ended around January or February 2004, whereas the note was written some time around May 2004, which latter date was confirmed by the more definitive testimony of the note's recipient, the complainant's boyfriend.

Nor can we conclude that the note was admissible as a proper rehabilitative response to a claim by the defense that the complainant's accusation was a recent fabrication (see McDaniel, 81 NY2d at 18; People v Davis, 44 NY2d 269, 277 [1978]). First, this exception allows the use of prior consistent statements to rehabilitate a witness when the defense asserts that the accusation was recently fabricated, since "it would be unjust to permit a party to suggest that a witness . . . is fabricating a story without allowing the opponent to demonstrate that the witness had spoken similarly even before the alleged incentive to falsify arose" (McDaniel, 81 NY2d at 18). Here, however, the prior consistent statement was not used to rehabilitate the complainant. It was offered on the People's direct case, indeed, in the course of the complainant's direct

testimony, in anticipation of a defense of recent fabrication; the defense had not yet had any opportunity to make that claim in front of the jury. The rehabilitative purpose of the exception was therefore not served by the note's admission.

Secondly, such use of a prior consistent statement to rehabilitate a witness is only permissible when the prior consistent statement *predated* the point in time when, according to the defense, the complainant's purported motive to fabricate arose (*see McDaniel* at 18). Here, when the note was admitted into evidence, the defense had done nothing to specify to the jury its claim regarding when and how the complainant had decided to make a false accusation against defendant. It could as easily have claimed that the complainant's motivation to fabricate the accusation arose years earlier, in response to defendant's controlling and overbearing conduct over the years, rather than on June 24, 2005, when the complainant first defied defendant after he denied her permission to go to the movies with her boyfriend. Defense counsel's statements in voir dire only generally suggested that a child might be motivated to make up a false report if she "backs herself in[to] a compromising position," and did not establish a time frame in which the complainant might have backed herself into such a corner. Similarly, counsel's opening statement to the jury did not specify the moment at which the complainant might have developed a motive to fabricate. Therefore, the note was admitted without any basis to conclude that it predated the claimed fabrication.

Since the trial court ruled that it would admit the prior consistent statement under the prompt outcry exception, defense counsel had neither any occasion nor an obligation to interpose a superfluous objection that the note's admission was improper rebuttal to a recent fabrication claim. Concur—Gonzalez, P.J., Saxe, Catterson, McGuire and Acosta, JJ.