■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK CARUSSO, Appellant. [943 NYS2d 15]—

Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered March 5, 2010, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of five years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the conviction, adjudicating defendant a youthful offender and reducing the sentence to a term of 1⅓ to 4 years, and otherwise affirmed.

The court properly exercised its discretion in denying defendant's mistrial motion, made after the People belatedly disclosed an alleged prior inconsistent statement by the victim. The court provided a suitable remedy for any violation of the People's disclosure obligations under *Brady v Maryland* (373 US 83, 87-88 [1963]).

The victim testified at trial that defendant demanded money during the robbery. However, after the victim completed his testimony, the People disclosed a report of a detective's conversation with the victim. In that report, the detective indicated that the victim attributed the demand for money to the codefendant instead of defendant. By this time, the victim had returned to his native country and was not available to be recalled. Defendant requested a mistrial, asserting that the identity of the person who demanded the victim's money was material to defendant's intoxication defense.

We find that the court fashioned a remedy that was sufficient to prevent any prejudice (*see People v Jackson*, 264 AD2d 683, 684 [1999], *lv denied* 94 NY2d 881 [2000]). The court permitted defendant to elicit the prior inconsistent statement through the detective's testimony. Furthermore, the court added conditions that were highly favorable to defendant. The detective was prepared to testify that he had incorrectly recorded the victim's oral statement, and that the victim had made his own written statement attributing the demand for money to defendant. Nevertheless, the court precluded the prosecutor from eliciting these facts, or that the detective's report was inaccurate. Thus, we find that defendant was in a better position than if he had been able to use the statement to cross-examine the victim, because defendant was able to offer the statement attributed by a detective to the victim for purposes of its truth, rather than simply

to impeach the victim (*compare People v Rutter*, 202 AD2d 123, 133-134 [1994], *lv dismissed* 85 NY2d 866 [1995]). Defendant's assertion that the victim might have changed his testimony had he been confronted with the police report is highly speculative.

Defendant makes *Brady* claims regarding other midtrial disclosures, each of which had a bearing on the degree of defendant's alleged intoxication at the time of the crime. However, defendant received the only remedy he requested for any of these belated disclosures. Therefore, defendant has not preserved any *Brady* claim regarding these matters (*see People v Monserate*, 256 AD2d 15, 16 [1998], *lv denied* 93 NY3d 855 [1999]), and we decline to review them in the interest of justice.

As an alternative holding, we also reject them on the merits. Defendant received a full opportunity to make effective use of the belatedly disclosed material at trial, and he was not prejudiced by the timing of the disclosure (*see e.g. People v Johnson*, 303 AD2d 208 [2003], *lv denied* 100 NY2d 595 [2003]).

The People's nondisclosure of a medical form indicating that defendant was intoxicated at the time of his arrest does not warrant reversal. This information was entirely cumulative to evidence received at trial.

We find that youthful offender status is appropriate under all the circumstances of the case. In particular, defendant was 16 years old at the time of the crime, and the Probation Department recommended this disposition. Furthermore, although the jury correctly rejected defendant's intoxication defense, intoxication evidently played a role in this robbery.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Mazzarelli, J.P., Catterson, DeGrasse, Manzanet-Daniels and Román, JJ.