*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 12, 2015               106370
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                              MEMORANDUM AND ORDER

SAMANTHA E. STONE,
                        Appellant.
_____

Calendar Date:   September 10, 2015

Before:  Lahtinen, J.P., Garry, Lynch and Devine, JJ.

_____

        Aswad & Ingraham, Binghamton (Thomas A. Saitta of counsel),
for appellant.

        Gerald F. Mollen, District Attorney, Binghamton (Veronica
M. Krause of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Broome County
(Cawley, J.), rendered November 15, 2013, upon a verdict
convicting defendant of the crime of predatory sexual assault
against a child.

        The victim (born in 1998) and her sister (born in 1999)
were in the care of defendant until 2007.  Both came forward in
2011 with claims that defendant had repeatedly sexually abused
them as preteen children and, as a result, defendant was charged
in an indictment with two counts of predatory sexual assault
against a child, one for each girl.  Following a jury trial,
defendant was convicted of count 1, the count relating to the
victim.  County Court imposed a prison sentence of 12 years to

life, and defendant now appeals.

Defendant first asserts that legally sufficient evidence did not establish that she was at least 18 years of age when the abuse occurred, an element of predatory sexual assault against a child (see Penal Law § 130.96). While this argument is not preserved because defendant failed to advance it in her trial motion to dismiss, our weight of the evidence review nevertheless requires confirmation that all of the elements of the crime for which she was convicted was proven beyond a reasonable doubt (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Chaffee, 30 AD3d 763, 764 [2006], lv denied 7 NY3d 846 [2006]).

Here, the victim testified to dozens of incidents wherein defendant inserted her tongue, fingers and various foreign objects inside the victim's vagina. The victim's sister was present for some of those incidents and confirmed that they had occurred. The victim further testified that the bulk of those incidents occurred after she turned six or seven, meaning that they would have occurred no earlier than 2005. Defendant's current spouse, in turn, testified that defendant was born in 1979, making her well over 18 years of age when the abuse occurred. The fact that defendant called her spouse to testify is of no moment, as "a defendant who does not rest after the court fails to grant a motion to dismiss at the close of the People's case . . . proceeds with the risk that he [or she] will inadvertently supply a deficiency in the People's case" (People v Kirkpatrick, 32 NY2d 17, 21 [1973], appeal dismissed 414 US 948 [1973]; see People v Zarrelli, 144 AD2d 819, 820 [1988], lv denied 73 NY2d 1024 [1989]). The jury credited the foregoing testimony and, according deference to that determination, we find that the verdict was not against the weight of the evidence (see People v Jackson, 128 AD3d 1181, 1182 [2015]; People v Chaffee, 30 AD3d at 764).

Far more troublesome is the admission by County Court of testimony by the victim's stepmother and grandmother regarding her disclosures of abuse under the prompt outcry exception to the

hearsay rule.[1]  "A witness'[s] trial testimony ordinarily may not be bolstered with pretrial statements" (People v McDaniel, 81 NY2d 10, 16 [1993] [citations omitted]; see People v Rosario, 17 NY3d 501, 511 [2011]), but, "[u]nder the established 'prompt outcry' exception to the hearsay rule . . ., 'evidence that a victim of sexual assault promptly complained about the incident is admissible to corroborate the allegation that an assault took place'" (People v Allen, 13 AD3d 892, 894 [2004], lv denied 4 NY3d 883 [2005], quoting People v McDaniel, 81 NY2d at 16; see People v Rosario, 17 NY3d at 511).  The prompt outcry exception only permits testimony as to the making of a complaint, and does not extend to hearsay evidence regarding the "details of the incident[s]" related by a victim (People v Rice, 75 NY2d 929, 932 [1990]; see People v Rosario, 17 NY3d at 511).

County Court erroneously allowed testimony regarding details of the abuse that the victim allegedly relayed to her grandmother, but any argument with regard to the admission of that proof is unpreserved for our review (see People v Stearns, 72 AD3d 1214, 1218 [2010], lv denied 15 NY3d 778 [2010]; People v Pace, 145 AD2d 834, 836-837 [1988], lv denied 73 NY2d 894 [1989]).  The issue of whether the outcry itself was prompt is preserved, however, and is no less troubling.

Whether a complaint is sufficiently prompt so as to fall within the exception is not a matter of precision and depends upon the facts of a given case (see People v Rosario, 17 NY3d at 512-513; People v Lapi, 105 AD3d 1084, 1087 [2013], lv denied 21 NY3d 1043 [2013]).  That being said, "courts traditionally have required the complaint to be made 'at the first suitable opportunity'" (People v Cridelle, 112 AD3d 1141, 1143 [2013], quoting People v O'Sullivan, 104 NY 481, 486 [1887]), and "[a]ny

---

[1]  Inasmuch as the People only sought the admission of this testimony under the prompt outcry exception to the hearsay rule, we cannot, and do not, decide whether it could have been admitted for a nonhearsay purpose (see People v Muhammad, 17 NY3d 532, 547 [2011]; see also Fitch v Shubert Theat. Co., 174 App Div 229, 233-234 [1916]; compare People v Ludwig, 24 NY3d 221, 232 [2014]).

significant delay must be adequately explained" (People v Shepherd, 83 AD3d 1298, 1300 [2011], lv denied 17 NY3d 809 [2011]; see People v Allen, 13 AD3d at 895). Here, the victim did not disclose the abuse until 2011, four years after she and her sister were placed in the custody of her father and the abuse had ended. The victim testified that she waited so long to disclose the abuse because defendant had threatened to kill her if she told anyone, but that threat was made during a supervised visit between the victim and defendant. The visitation had ceased well before the disclosures were made, and the victim had neither seen nor spoken to defendant since 2009. We are left, in other words, with disclosures that were made four years after the abuse ended and over two years after the victim last interacted with defendant (see People v Allen, 13 AD3d at 895; cf. People v Caban, 126 AD3d 808, 808-809 [2015]).

The People suggest that this prolonged delay can be attributed to the facts that the victim had sustained psychological trauma and suffered from a mild neurological impairment. Research indeed "suggest[s] that withholding a complaint may not be unusual," but that fact is not dispositive in assessing whether a complaint was made promptly (People v Allen, 13 AD3d at 896; see People v McDaniel, 81 NY2d at 16-17). To hold otherwise would run against the very purpose of the exception, namely, to address "the tendency of some jurors to doubt the victim in the absence of" a prompt complaint of abuse (People v McDaniel, 81 NY2d at 17). As for the victim's neurological condition, it suffices to say that no proof in the record suggests that it would have compelled her to remain silent for such a long period of time. Thus, given the absence of any adequate explanation for the victim's prolonged delay in disclosing the abuse, her disclosures cannot be described as prompt outcries, and the hearsay testimony regarding them should not have been admitted into evidence (see People v Rosario, 68 AD3d 600, 601 [2009], affd 17 NY3d 501 [2011]; People v Workman, 56 AD3d 1155, 1157 [2008], lv denied 12 NY3d 789 [2009]; People v Allen, 13 AD3d at 896). Inasmuch as the evidence of guilt in this case was not overwhelming — indeed, the verdict hinged on the question of whether the victim was credible — we cannot say that the erroneous admission of this bolstering hearsay was harmless (see People v Allen, 13 AD3d at 896). Thus, defendant

must be given a new trial upon count 1 of the indictment.

        In the interest of ensuring that the second trial proceeds
smoothly, we address the additional claim of defendant that
County Court erred in precluding examination of an individual who
supervised visitation between the victim and her father in 2001
and 2002.  According to defendant, that individual would have
testified that the father routinely brought a camera to
visitation in order to document any injuries that the victim may
have sustained while in the care of defendant.  Defendant,
provided that she had a good faith basis for doing so, was
entitled to present extrinsic proof that would establish a motive
on the part of the victim to fabricate the claims of abuse
(see People v Spencer, 20 NY3d 954, 956 [2012]; People v Hudy, 73
NY2d 40, 56-57 [1988]).  The proffered evidence, however, would
only have established that the father sought to document actual
physical abuse a decade before the accusations of sexual abuse
were made, and County Court properly precluded it as being too
remote and speculative to suggest a motive to fabricate on the
part of the victim (see People v Brown, 128 AD3d 1183, 1187
[2015]; People v Bott, 234 AD2d 625, 626-627 [1996], lv denied 89
NY2d 1009 [1997]).

        The remaining contention raised by defendant is that the
victim should not have been permitted to testify via closed-
circuit television.  Defendant's argument in that regard is
academic, however, as the issue will not arise upon retrial due
to the age of the victim (see CPL 65.00 [1], [2]; 65.20 [13]).

        In conclusion, we feel obliged to address an issue that is
not raised by defendant.  Count 1 of the indictment alleges that
defendant committed the crime of predatory sexual assault against
a child as a result of her actions between 2003 and 2007, but the
crime itself was only created on June 23, 2006 (see L 2006, ch
107, §§ 2, 10).  Defendant never apprised County Court of this
defect, which would have alerted the People to the problem and
permitted an opportunity to amend the indictment so that the
allegations were limited to events that transpired after the
crime was created (see CPL 200.70 [1]).  The grand jury minutes
are not before us, but the trial testimony reveals no obvious bar
to seeking such an amendment, as the victim testified that the
abuse occurred throughout the period that she was living with
defendant (see e.g. People v Lupo, 92 AD3d 1136, 1137-1138

[2012]).  In light of these peculiar circumstances, the defect in the indictment appears to be a factual, nonjurisdictional one (see People v Garcia, 79 AD3d 1248, 1249 [2010], lv denied 16 NY3d 797 [2011]; People v Fehr, 45 AD3d 920, 923 [2007], lv denied 10 NY3d 764 [2008]; compare People v Bethea, 61 AD3d 1016, 1017 [2009]).  Nevertheless, it is one that can and should be resolved before a second trial.

Lahtinen, J.P., Garry and Lynch, JJ., concur.

ORDERED that judgment is reversed, on the law, and matter remitted to the County Court of Broome County for a new trial on count 1 of the indictment.

ENTER:

Robert D. Mayberger
Clerk of the Court