■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARIS ORTEGA, Appellant. [24 NYS3d 300]—

Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered January 7, 2014, convicting defendant, after a jury trial, of rape in the first and third degrees and sexual abuse in the first degree, and sentencing him, as a

second violent felony offender, to an aggregate term of 11 years, unanimously affirmed.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The prosecutor's race-neutral reason for the exercise of the sole challenge at issue was that she had a strong sense of familiarity with the panelist from some other situation, which she could not place, notwithstanding the panelist's negative response to the court's standard question about whether anyone knew any of the trial participants. The prosecutor's genuine uneasiness about this situation was manifested by her efforts to investigate how she might have encountered this panelist in the past. There is no basis to disturb the court's credibility determination that this explanation for the challenge was not pretextual, a finding that is supported by the record and entitled to great deference (*see Snyder v Louisiana*, 552 US 472, 477 [2008]; *People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]).

The court properly exercised its discretion in denying defendant's mistrial motion based on the prosecution's belated disclosure of surveillance video footage. Even assuming, without deciding, that the videotape had some potential value in impeaching the victim's testimony (*see generally Brady v Maryland*, 373 US 83 [1963]), defendant had the opportunity to recall and cross-examine the victim using this evidence (*see People v Brown*, 67 NY2d 555, 559 [1986], *cert denied* 479 US 1093 [1987]), but he declined that opportunity and requested a jury instruction instead. Moreover, it is undisputed that defendant was timely provided with a detective's report and notes summarizing the contents of the video; thus, the evidence was "not suppressed by the prosecution," since timely disclosure "would not have revealed any essential information that the defense did not already know" (*People v LaValle*, 3 NY3d 88, 110 [2004]). In any event, the court "provided a suitable remedy for any violation" of *Brady* (*People v Carusso*, 94 AD3d 529, 530 [1st Dept 2012]) by giving a jury charge, which met with defendant's satisfaction, stating that the belated disclosure had deprived defendant of the opportunity to use the video to cross-examine the victim, and by permitting counsel to make a summation argument to that effect.

Defendant did not preserve his argument that the court gave an inadequate adverse inference charge as to a destroyed 911 tape, or any of his challenges to the prosecutor's summation, and we decline to review any of these claims in the interest of justice. As an alternative holding, we find no basis for reversal. The court's adverse inference charge comported with *People v*

*Handy* (20 NY3d 663 [2013]). The prosecutor's summation did not deprive defendant of a fair trial. To the extent the record permits review, we find that defendant's claim that his counsel rendered ineffective assistance by failing to object to certain portions of the prosecutor's summation is unavailing (*see People v Cass*, 18 NY3d 553, 564 [2012]). Concur—Mazzarelli, J.P., Moskowitz, Richter and Gische, JJ.