People v Edwards (2024 NY Slip Op 02675)

People v Edwards

2024 NY Slip Op 02675

Decided on May 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 14, 2024

Before: Singh, J.P., Moulton, Mendez, Rosado, Michael, JJ. 

Ind. No. 1794/14 Appeal No. 2281 Case No. 2019-4407 

[*1]The People of the State of New York, Respondent,
v
Jason Edwards, Appellant.

Caprice R. Jenerson, Office of The Appellate Defender, New York (Sean Nuttall of counsel), for Appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alex King of counsel), for respondent.

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered March 7, 2016, convicting defendant, after a nonjury trial, of attempted assault in the first degree and criminal possession of a weapon in the second degree (two counts), and sentencing him to an aggregate term of five years, unanimously affirmed.
Defendant's claim that the People's Brady violation deprived him of his right to a fair trial is unpreserved because defendant received the only remedy he requested, admission of the belatedly disclosed police report at trial, which he ultimately elected not to pursue (see People v Carusso, 94 AD3d 529, 531 [1st Dept 2012]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. Defendant was not prejudiced by the late disclosure where defense counsel, who was aware of the information in the report, was able to effectively cross-examine the People's witness through use of other evidence consistent with the exculpatory material (see People v Ward, 128 AD3d 485, 485 [1st Dept 2015], lv denied 26 NY3d 1012 [2015]). Defendant's contention that the report could have led to additional favorable evidence had it been timely disclosed is speculative. Thus, there was no "reasonable possibility that the result of the trial would have been different if the evidence had been disclosed" (People v McGhee, 36 NY3d 1063, 1065 [2021]).
The court properly denied youthful offender treatment. Since defendant was convicted of an armed felony, he was not eligible for youthful offender treatment in the absence of mitigating circumstances that "bear directly upon the manner in which the crime was committed" (CPL 720.10[3][i]). The record does not establish such mitigating circumstances, where defendant fired multiple shots at a person on a busy street. In any event, regardless of defendant's eligibility, youthful offender treatment was not warranted.
Defendant's Second Amendment challenge to his weapon possession convictions is unpreserved (see People v Cabrera, 41 NY3d 35 [2023]), and we decline to review it in the interest of justice. As an alternative holding, we find that on the present record, defendant has not established that he has standing to challenge Penal Law §§ 265.03(1)(b) or (3), or that the statutes are unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see People v Johnson, 225 AD3d 453 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2024